IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                                      24-CR-35

CHRISTIAN ARROYO COLLAZO,

Defendant.

## PLEA AGREEMENT

The defendant, CHRISTIAN ARROYO COLLAZO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18 United States Code, Section 933(a) (conspiracy to traffic in firearms), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term

imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a) that the defendant did knowingly conspire and agree;

   b) to ship, transport, transfer, cause to be transported or otherwise dispose of one or more firearms to another person;

   c) in or otherwise affecting interstate commerce.

   d) knowing or having reasonable cause to believe that the use, carrying or possession of the firearm by the recipient would constitute a felony.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or about July 2022, the exact date being unknown, and continuing until on or about March 2023, in the Western District of New York and elsewhere, the defendant CHRISTIAN ARROYO COLLAZO, did conspire and attempt to ship, transport, transfer, cause to be transported, or otherwise dispose of firearms, to K.P. and J.H., individuals known to the U.S. Attorney, in or otherwise affecting interstate commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearms by K.P. and J.H. would constitute a felony.

   b. The defendant admits that he utilized the Facebook Messenger feature for the purposes of conducting firearms trafficking.

c.  In July 2022, COLLAZO contacted J.H., an individual who was residing in Jamestown, New York, via Facebook Messenger in an attempt to sell a Glock pistol and three high-capacity magazines. COLLAZO indicated to J.H. that the firearm and magazines would cost $1,700.

d.  In August 2022, COLLAZO contacted J.H. via Facebook Messenger in an attempt to sell an AR-style rifle and high-capacity magazine. COLLAZO indicated to J.H. that the price would be $1,600.

e.  In August and September 2022, COLLAZO contacted J.H. via Facebook Messenger in an attempt to sell two AR-style rifles and a Glock handgun. COLLAZO indicated to J.H. that the first AR-style rifle he sent photos of costs $1,300; the Glock costs $1,200; and the second AR-style rifle costs $1,000.

f.  In September 2022, COLLAZO contacted K.P in an attempt to sell a firearm for $500 after sending K.P. a photo of the firearm.

g.  In October 2022, COLLAZO contacted K.P. to inform K.P. that he was in Jamestown, NY. In this conversation, COLLAZO discussed firearms pricing with K.P.

h.  In March 2023, K.P. attempted to video chat with COLLAZO, and the two conversed via Facebook Messenger. K.P. notified COLLAZO that he had $600 available. COLLAZO then sent a video message to K.P. of a revolver-type firearm with a defaced serial number. COLLAZO informed K.P. that the firearm would cost $500. K.P. appeared to agree to the sale, but COLLAZO informed K.P. that he was presently in Ohio.

i.  The defendant admits that his relevant conduct includes the conspiracy to traffic in approximately forty (40) firearms.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of **12**.

3

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

   a. The **six**-level increase pursuant to Guidelines § 2K2.1(b)(1)(C) (offense involving between 25–99 firearms);

   b. The **four**-level increase pursuant to Guidelines § 2K2.1(b)(5) (trafficking of firearms).

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **22**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward adjustment of Guidelines §§ 3E1.1(a)–(b) (acceptance of responsibility), which would result in a total offense level of **19**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

4

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.     It is the understanding of the government and the defendant that, with a total offense level of 19 and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **30 to 37 months**, a fine of **$10,000 to $100,000**, and a period of supervised release of up to **3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

15.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

16.   The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

17.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 23-MJ-5118.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the term of imprisonment of 30 to 37 months and a fine of $10,000 to $100,000, and a period of supervised release of up to 3 years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of 30 to 37 months and a fine of $10,000 to $100,000, and a period of supervised release of up to 3 years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, **CHRISTIAN ARROYO COLLAZO**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
JEFFREY E. INTRAVATOLA
Assistant United States Attorney
Dated: April 15, 2024

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Brian K. Parker. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_Cristian Arroyo_
CHRISTIAN ARROYO COLLAZO
Defendant

Dated: April 15, 2024

_Brian K. Parker_
BRIAN K. PARKER, ESQ.
Attorney for the Defendant

Dated: April 15, 2024

I, NICHLAS PENCHASZADEH, hereby affirm under penalty of perjury that I am a Spanish Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, Christian Arroyo Collazo; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Brian K. Parker, Esq.

DATED: April 15, 2024.

_____
Nicholas Penchaszadeh
Interpreter